tion denoted that it was made for the purpose of securing a debt or liability, and not as a sale, chancery would control the authority of the assignee, and compel him to deal with it merely as a security. 2 Story, Eq. Jur. p. 287, §§ 1018, 1019. The evidence, however, shows that this was so regarded by the parties, and that Mr. Crane only claimed out of the securities the amount of Mrs. Traphagen's indebtedness to him. The assignment to the receiver cannot divest her interest in this claim, the property being merely deposited in the custody of the court of chancery, until the rights of the parties are definitely settled. No decree having yet been rendered as to the right, and the receiver not having disposed of this interest by sale or sequestration in any form, and no decision being yet had on the merits of the creditors' bill, there must be considered to be a right to the debt yet subsisting in Mrs. Traphagen. She would, accordingly, as judgment creditor, having a legal and equitable title to part of the amount of the judgment still appertaining to her, possess the capacity to appear and oppose the discharge of the bankrupt.

It may, however, be further observed that if the operation of the assignments of Simpson and Crane, and that to the receiver, should transfer the indebtedness of the bankrupt from her to those assignees, so that she could no longer appear against him upon that debt as a creditor, yet clearly her interest in the fund is not extinguished; and if the money could be made from the bankrupt, there would, after satisfying the demand of Mr. Crane, be a surplus which would be applied to her advantage on the creditors' bill, or, if that demand is displaced, be restored through an order of the court of chancery by the receiver to her. This interest in the matter, though so far contingent and unliquidated as not to be capable of being proved as a debt, would well entitle her to look to the disposition of the estate of the bankrupt, and would place her at least amongst "other persons in interest" besides creditors (who have proved their debts) authorized by the fourth section of the bankrupt act to show cause against the discharge of the bankrupt.

I think, accordingly, the exceptions to the objections must be overruled.

---

## Case No. 14,141.

### In re TRASK.

[7 Ben. 60.] [1]

District Court, S. D. New York. Nov., 1873.

WITNESS—PRIVILEGE—REFUSAL TO TESTIFY AS TO PRIVATE BUSINESS.

It is not sufficient reason for refusing to testify before a register, as to the actual consideration

---

[1] [Reported by Robert D. Benedict, Esq., and Benj. Lincoln Benedict, Esq., and here reprinted by permission.]

paid for claims by a witness, who is assignee of certain debts due from the bankrupt to some of his creditors, that the consideration did not come from the bankrupt or his estate, and that to answer would be revealing the private business of the witness unnecessarily, and possibly to his prejudice, in another suit then pending.

[In the matter of Benjamin J. H. Trask, a bankrupt.]

The register certified to the court, upon request, the question, whether a witness should not be compelled to give the actual consideration paid for certain claims against the bankrupt, which he held by assignment. The witness objected to answering, because the consideration did not come from the bankrupt or his estate; and to testify would be to reveal his own private business affairs, and he further alleged that a suit against him was then pending elsewhere, in which the counsel for the creditors making the inquiry was counsel against him, and he believed the information now sought was to be for the counsel's benefit in that suit, and not for the interest of the creditors of the bankrupt in this proceeding. The counsel for the creditors alleged suspicion of fraudulent concealment of the property of the bankrupt, as the reason for seeking the testimony of the witness. The register ruled that the witness must answer the questions, and certified the questions and refusals to the court.

BLATCHFORD, District Judge. No sufficient reason is presented why the witness should not answer the questions above set forth which he declined to answer.

---

## Case No. 14,142.

### TRASK et al. v. The DIDO.

[1 Haz. Reg. Pa. 9.]

District Court, E. D. Pennsylvania. Dec. 21. 1827.

PRACTICE IN ADMIRALTY—PRIVATE SETTLEMENT—COSTS.

[When a private settlement is consummated of a suit for seamen's wages, without the knowledge of libellant's attorney, the respondent is not relieved from his liability to pay the costs of the suit, for which the said attorney had become security.]

Attachment for wages, Friday 21st December, 1827.

Mr. Troubat, for libellants, stated this to be a claim for wages up to the time when they were discharged from the Dido, which had been wrecked in the Delaware, the libellants having remained on board five days after she grounded, and assisted in saving the spars, rigging and part of the cargo, and further stated that the respondent [John Welsh] refused to pay wages for the said five days, which the libellants insisted on as just and proper. The respondent claimed a postponement until the evening, Friday, in order to prepare himself to resist the claim, which he intimated to contest as far as re-